IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER JONES, JR., | No. C-12-1109 TEH (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| CALIFORNIA MEDICAL FACILITY CUSTODY STAFF, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that his transfer from California Medical Facility ("CMF") to California State Prison - Solano ("CSP Solano") was an "adverse transfer," motivated by bias (Doc. #4 at 6), that has resulted in inadequate medical care, inadequate dental care and the loss of his property. He brings this action against CMF third floor custody staff, CMF Receiving and Release staff, and CSP-Solano medical staff. Id. at 4. For the reasons set forth below, this action is DISMISSED without prejudice.

//

I.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the discretion of the district court.  Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).  Under the PLRA, all available administrative remedies must be exhausted and such remedies "need not meet federal standards, nor must they be 'plain, speedy[] and effective.'"  Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 739).  The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies, "which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."  Woodford, 548 U.S. at 90 (emphasis in original and internal quotations and citations omitted).  The exhaustion requirement must be satisfied *prior* to the commencement of the action; exhaustion subsequent to the filing of suit will not suffice  McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).  Broadly stated, the purpose of the PLRA exhaustion requirement is to "afford[] corrections

2

officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 525. If the court concludes a prisoner has not exhausted administrative remedies, the proper remedy is dismissal of the claim without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

Here, plaintiff has informed the court that he has not exhausted all his administrative remedies (Doc. #4 at 1), and attached documentation indicating that he filed administrative grievances in February and March 2012 (id. at 19-22). Based on plaintiff's assertions and the record, the Court finds that plaintiff has failed to exhaust his administrative remedies with regard to his claims.

Plaintiff's complaint accordingly is DISMISSED without prejudice to refiling after exhausting available administrative remedies. See White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997) (court may dismiss sua sponte for failure to exhaust administrative remedies). The Clerk shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

DATED     04/03/2012

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.12\Jones-12-1109_failure to exhaust.wpd

3